**COMBUSTION ENGINEERING, INC., Plaintiff–Counter–Defendant–Appellee,**

Asea Brown Boveri Inc., Counter–
Defendant–Appellee,

v.

IMETAL, Defendant–Counter–
Claimant–Appellant.

Docket No. 01–9270.

United States Court of Appeals,
Second Circuit.

June 18, 2002.

James R. Atwood; S. William Livingston, Jr., Jennifer L. Plitsch, on the brief, Covington & Burling, Washington, DC, for Appellant.

Mark E. Ferguson; Mark S. Ouweleen, on the brief, Bartlit Beck Herman Palenchar & Scott, Chicago, IL; Daniel J. Kornstein; Mark Platt, on the brief, Kornstein Veisz Wexler & Pollard, L.L.P., New York, NY, for Appellee.

Present MINER, CABRANES and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Imetal timely appeals from the District Court's Supplemental Judgment entered September 28, 2001 granting Combustion Engineering's and Asea Brown Boveri's motions for summary judgment and denying Imetal's cross-motion for summary judgment.

Before the District Court, Imetal argued that it was not liable for breach of contract and unjust enrichment under the 1990 Stock Purchase Agreement between Combustion Engineering and Imetal as Combustion Engineering claimed, because Combustion Engineering and parent company Asea Brown Boveri had breached their representations and warranties, breached the implied covenant of good faith and fair dealing, and owed Imetal indemnification for settlement of a related action.

Imetal raises the same issues on appeal.

We affirm the District Court's judgment concerning Imetal's obligation to indemnify Combustion Engineering under the terms of the 1990 Stock Purchase Agreement substantially for the reasons stated by the District Court in its Amended Decision and Order entered August 16, 2001. *See Combustion Engineering, Inc. v. Imetal,* 158 F.Supp.2d 327, 331–333 (S.D.N.Y. 2001).

We vacate the District Court's judgment concerning whether Combustion Engineering breached a duty to settle the Minco Patent Litigation in good faith. *See id.* at 333–34. In addition, pursuant to *United States v. Jacobson,* 15 F.3d 19 (2d Cir. 1994), we remand the case to the District Court for specific and full consideration in the first instance of the legal question of whether Combustion Engineering had a duty to act in good faith on behalf of Imetal at the settlement negotiations of the Minco Patent Litigation. If the District Court finds that such a legal duty exists, it should then consider the relevant factual record to determine whether Combustion Engineering breached that duty.

We also vacate the District Court's judgment on the issue of whether Combustion Engineering and Asea Brown Boveri breached their representations and warranties as alleged in Imetal's counterclaim. The District Court dismissed that counterclaim by Imetal on the ground that the

allegedly breached warranty expired a year after closing. *Combustion Engineering*, 158 F.Supp.2d at 332. Imetal argues on appeal that the District Court erred because Section 12.3(b) of the 1990 Stock Purchase Agreement tolled the warranty if Imetal gave Combustion Engineering written notice of a covered claim within twelve months of closing. Imetal contends that it gave such notice within a year of closing via a letter dated June 6, 1990. Combustion Engineering argues that the June 6, 1990 letter does not constitute notice because it predates the closing and because liability only attaches if there are damages, and there were no damages at the time. Notice is not defined in the 1990 Stock Purchase Agreement. Accordingly, we direct the District Court to determine in the first instance whether the June 6, 1990 letter constitutes notice, and we remand to the District Court for consideration of this issue.

In remanding to the District Court, we intimate no view on the merits of the legal or factual questions to be considered or on any substantive aspects of the earlier proceedings before the District Court. This panel will retain jurisdiction. Accordingly, the Clerk is directed to issue the mandate noting our retention of jurisdiction. The jurisdiction of this Court shall be restored automatically upon notice by any party to the Clerk that the District Court has entered its judgment on the issues presented by the remand.

For the reasons and under the terms set forth above, the judgment of the District Court is hereby **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**